UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CAPITOL RECORDS, INC.; UMG RECORDINGS, INC.; ARISTA RECORDS, LLC; SONY BMG MUSIC ENTERTAINMENT,<br><br>　　　　　Plaintiffs,<br><br>　v.<br><br>TIMOTHY HAAS,<br><br>　　　　　Defendant. | 2:06-cv-0878-GEB-KJM<br><br><u>ORDER TO SHOW CAUSE AND CONTINUING STATUS (PRETRIAL SCHEDULING) CONFERENCE</u> |

　　　　　The April 24, 2006, Order Setting Status (Pretrial Scheduling) Conference ("April 24 Order") scheduled a status conference in this case for July 17, 2006, and required the parties to file a joint status report no later than fourteen days prior to the scheduling conference. The April 24 Order further required that a status report be filed regardless of whether a joint report could be procured.[1] No status report was filed.

---

　　　[1]　As the Order states:

　　　　　The failure of one or more of the parties to
(continued...)

1

Plaintiffs are Ordered to Show Cause (OSC) no later than 4:00 p.m. on July 13, 2006, why sanctions should not be imposed against counsel and/or Plaintiffs for the failure to file a timely status report under Rule 16(f) of the Federal Rules of Civil Procedure.  This response shall also explain why counsel and/or Plaintiffs should not be sanctioned for failure to timely serve Defendant with a copy of the April 24 Order, if Defendant was not served with that Order in time for Defendant to file a status report.[2] The written response must include the date on which service of the April 24 Order was made and proof of that service.  The written response shall also state whether Plaintiffs or counsel are at fault and whether a hearing is requested on the OSC.[3]  If a hearing is requested, it will be held on August 14, 2006, at 9:00 a.m., just

---

[1](...continued)
    participate in the preparation of the Joint
    Status Report does not excuse the other
    parties from their obligation to timely file
    a status report in accordance with this
    Order.  In the event a party fails to
    participate as ordered, the party timely
    submitting the status report shall include a
    declaration explaining why it was unable to
    obtain the cooperation of the other party or
    parties.

April 24 Order at 2 n. 1.

[2]    The April 24 Order instructed Plaintiffs that "[c]oncurrently with the service of process, or as soon thereafter as possible, plaintiff(s) shall serve upon each of the parties named herein, and upon all parties subsequently joined by plaintiff, a copy of this order, and shall file with the Clerk of Court a certificate reflecting such service."  April 24 Order at 1.

[3]    "If the fault lies with the attorney, that is where the impact of sanction should be lodged.  If the fault lies with the clients, that is where the impact of the sanction should be lodged."  <u>Matter of Sanction of Baker</u>, 744 F.2d 1438, 1442 (10th Cir. 1984), <u>cert.</u> <u>denied</u>, 471 U.S. 1014 (1985).  Sometimes the faults of attorneys, and their consequences, are visited upon clients.  <u>In re Hill</u>, 775 F.2d 1385, 1387 (9th Cir. 1985).

prior to the status conference, which is rescheduled to that date.

In accordance with the requirements set forth in the April 24 Order, the parties shall file a joint status report no later than July 31, 2006.  If Defendant has not been served with a copy of the April 24 Order, Plaintiffs shall serve him with a copy immediately.

IT IS SO ORDERED.

Dated:  July 5, 2006

/s/ Garland E. Burrell, Jr.
GARLAND E. BURRELL, JR.
United States District Judge