UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

CAPITOL RECORDS, INC.; UMG RECORDINGS, INC.; ARISTA RECORDS, LLC; SONY BMG MUSIC ENTERTAINMENT,

          Plaintiffs,

   v.

TIMOTHY HAAS,

          Defendant.

2:06-cv-0878-GEB-KJM

<u>ORDER CONTINUING STATUS (PRETRIAL SCHEDULING) CONFERENCE</u>

        On July 6, 2006, an Order issued requiring Plaintiffs to show cause ("OSC") why sanctions should not be imposed for their failure to file a timely status report, and continuing the status conference to August 14, 2006. The OSC also required Plaintiffs to file a status report fourteen days prior to the status conference.

        Plaintiffs filed a response to the OSC on July 13, 2006, in which they state "[a stipulation to extend Defendant's time to respond to the Complaint] was duly filed with the Court, [and] Plaintiffs' counsel mistakenly thought that would be sufficient to alert the Court as to the status of the case." Plaintiffs' response assumes the Court

1

1 has an obligation to look at the court docket for the purpose of
2 gleaning whether an excuse existed for Plaintiffs' failure to file a
3 timely status report.  If Plaintiffs opined that the status report
4 filing date should have been continued, Plaintiffs should have timely
5 sought a continuance.  Plaintiffs are warned that sanctions are not
6 issued this time only because of the weightiness of the Court's
7 docket.[1]

8 　　　　　In their status report filed July 31, 2006, Plaintiffs
9 represent that although Defendant has not yet filed an answer, "[t]he
10 parties . . . are in contact . . . and are hopeful that they may be
11 able to reach a settlement."  Plaintiffs also "request that the Court
12 vacate the status conference . . . and grant the parties sixty (60)
13 days to finalize a settlement."  Plaintiffs' request to vacate the
14 status conference is denied because it is inconsistent with the
15 judge's Rule 16 case management obligations.  But the status
16 conference will be continued to November 6, 2006, to provide the
17 parties the requested sixty (60) day time period for them to ascertain
18 /////
19 /////
20 /////
21 /////
22 /////
23 /////
24 /////
25 /////

---

[1]   The OSC process is time-consuming and requires me to assure myself that sanctions are appropriate in a specific amount.  It is hoped that counsel comply with future scheduling dates so that sanctions jurisprudence need not be invoked again. Obviously, it is incumbent upon counsel practicing in federal court to follow applicable practice.

2

1  whether a settlement can be reached.² The parties shall file a joint
2  status report no later than fourteen days prior to the conference.
3      IT IS SO ORDERED.
4  Dated:  August 1, 2006

                                    /s/ Garland E. Burrell, Jr.
                                    GARLAND E. BURRELL, JR.
                                    United States District Judge

---

² The status conference will remain on calendar, because Plaintiffs' mere representation that this action could settle does not justify ignoring the scheduling contemplated under Rule 16.  Cf. Callie v. Near, 829 F.2d 888, 890 (9th Cir. 1987) (indicating that a representation that claims have been settled does not necessarily establish the existence of a binding settlement agreement).